IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-150-BO

| | |
|---|---|
| KATHY I. WILLIAMS,<br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br>Defendant. | )<br>)<br>)<br>)  **ORDER**<br>)<br>)<br>)<br>)<br>) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 15, 17]. A hearing on this matter was held in Raleigh, North Carolina on May 13, 2015, at which the Commissioner appeared by video feed. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

BACKGROUND

Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income on August 9, 2011, alleging disability beginning September 1, 2010 [Tr. 227, 229]. These applications were denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held hearings on May 13, 2013, and June 20, 2013, and rendered an unfavorable decision on July 3, 2013. The Appeals Council denied Ms. Williams's request for review, rendering the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

Ms. Williams was 54 years old as of her alleged onset date and has a high school education. [Tr. 264]. She has held numerous jobs prior to her alleged onset date including as a convenience store clerk, tax preparer, loan officer, data entry clerk, telemarketer, customer service manager, and receptionist. [Tr. 47–48].

DISCUSSION

When a social security claimant appeals the Commissioner's final decision, the Court's review is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quotation omitted). The Commissioner's decision must be affirmed if it is supported by such evidence. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date and was insured through December 31, 2015. [Tr. 19]. Ms. Williams's cervical degenerative disc disease and obesity qualified as severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. [Tr. 19–22]. The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform a

modified range of sedentary work. [Tr. 22]. Relying on the testimony of a vocational expert, the ALJ then found at step four that Ms. Williams was able to perform her past relevant work, and accordingly, concluded that she was not disabled within the meaning of the Act. [Tr. 29].

Plaintiff first alleges that the ALJ erred in assessing plaintiff's credibility by failing to give adequate weight to plaintiff's complaints of pain. When analyzing a claimant's credibility, an ALJ must consider the objective medical signs, diagnoses and prognoses given by medical providers, how well their testimony lines up with their statements in the record, and the strength of the work history prior to alleging disability. *See* SSR 96–7p. If a plaintiff meets her threshold obligation of providing objective medical evidence of a condition reasonably likely to cause the claimed pain, she is entitled to "rely exclusively on subjective evidence" to demonstrate that her pain is "so continuous and/or so severe that it prevents [her] from working a full eight hour day." *Hines v. Barnhart*, 453 F.3d 559, 564 (4th Cir. 2006).

It is clear that Ms. Williams has a medical condition reasonably likely to cause the pain she claims to experience. MRIs of her cervical spine from 2006 and 2011 depict progressive degeneration and confirm that she had cervical spondylosis and central canal narrowing in multiple places in her cervical spine [Tr. 358–59, 481]. The ALJ even found that plaintiff's medical impairments could reasonably be expected to cause her alleged symptoms. [Tr. 23]. The ALJ, however, did not credit Ms. Williams' subjective complaints of pain. [Tr. 23]. She appears to have selectively chosen findings that support her analysis, as the record is replete with clinical findings corroborating plaintiff's complaints of pain. Both State Agency physicians and her examining psychologist found plaintiff's complaints credible. [Tr. 453, 443]. Though the ALJ noted plaintiff's "good response" to pain medication [Tr. 24], despite increasing amounts of pain medication and two consultations with a neurosurgeon, plaintiff's pain was not resolved. [Tr.

3

563]. Though the ALJ also considered plaintiff's conservative treatment as evidence that she was not credible, [Tr. 29], plaintiff cited her lack of insurance as a reason for the conservative treatment. The Fourth Circuit instructs that "[a] claimant may not be penalized for failing to seek treatment she cannot afford; '[i]t flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that my help him.'" *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986) (quoting *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984)). Dr. Puente, Ms. Maglione, and Dr. Gebrail's opinions all directly corroborate plaintiff's complaints of pain. Moreover, plaintiff has a strong prior work history with numerous past jobs. In sum, the weight of the evidence supports Ms. Williams's credibility as it relates to her subjective pain.

Plaintiff also argues that the ALJ failed to appropriately weigh the opinions of her plaintiff's treating provider, Mindy Maglione, and consultative examiner and Ms. Maglione's supervisor, Dr. Gebrail. Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). An ALJ must explain his reasons for failing to adopt the opinion of a treating physician. *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding where the ALJ did not explain adequately why he credited one doctor over another).

Here, the ALJ improperly gave the opinion of plaintiff's treating providers Dr. Gebrail and Ms. Maglione little weight.[1] The ALJ's opinion was inconsistent, giving considerable weight to some of Ms. Maglione's opinions while discounting her opinion as to plaintiff's functional limitations. [Tr. 29]. More importantly, the opinions of Dr. Gebrail and Ms. Maglione are well-

---

[1] Dr. Gebrail was both the State Agency Consultative Examiner and Ms. Maglione's supervising physician, and Ms. Maglione was plaintiff's treatment provider. [Tr. 453–460, 560–66].

4

supported by objective evidence of plaintiff's cervical dysfunction, [Tr. 358–60, 560–66], and the opinions of psychologist Dr. Puente that her pain impacts her ability to succeed in a work environment [Tr. 443], and her neurologist that fusion surgery may be necessary [Tr. 531].

In sum, given the ALJ's errors in assessing plaintiff's credibility and the treating physicians' opinions, it is clear that her decision was not supported by substantial evidence. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Remand is appropriate when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, the appropriate action is to remand the case to the Commissioner. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). ("assessing the probative value of competing evidence is quintessentially the role of the fact finder."). Upon remand, the Commissioner is to afford the treating physicians' opinions controlling weight and reconcile those opinions and plaintiff's subjective complaints of pain with the RFC.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED, defendant's motion for judgment on the pleadings [DE 17] is denied, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this ___1___ day of June, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE